[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11858

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL WHISBY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:93-cr-00107-CMA-1

_____

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Michael Whisby, a federal prisoner proceeding pro se, appeals the District Court's denial of his third motion for compassionate release. He argues that the District Court failed to provide an adequate individualized explanation, failed to consider intervening legal changes, and improperly relied on outdated information about his past dangerousness rather than assessing whether he remains a danger today. After careful review, we affirm.

**I.**

In 1993, a jury convicted Whisby of conspiracy to possess with intent to distribute cocaine and of using a firearm during a drug trafficking crime. Whisby and his co-conspirator had planned a home invasion to steal cocaine from a purported stash house. They arrived at the scene armed and equipped with masks. Law enforcement arrested them and recovered a loaded pistol, ski masks, and packaged marijuana.

At sentencing, Whisby qualified as a career offender because of his extensive criminal history, which included multiple violent and drug-related offenses. The presentence investigation report assigned a total offense level of 37 and a criminal history category of VI, resulting in a Guideline range of 360 months to life imprisonment. The District Court imposed a life sentence on the conspiracy count and a consecutive five-year term on the firearm count.

Over the years, Whisby has filed multiple motions for compassionate release that the District Court denied. In his third motion—the one now before us—he cited his age, medical conditions, time served, rehabilitation, and legal changes to the Sentencing Guidelines. The Government opposed the motion, arguing that Whisby failed to demonstrate extraordinary and compelling reasons and that the § 3553(a) factors continued to weigh against release.

The District Court denied Whisby's third motion in a paperless order that incorporated by reference its earlier denials and the Government's detailed opposition.

Whisby timely appeals.

## II.

We review de novo whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), and we review a district court's denial of a motion for abuse of discretion. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). A court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, makes findings of fact that are clearly erroneous, or makes a clear error of judgment. *United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021) (citations omitted).

A district court may reduce a term of imprisonment if three conditions are met: (1) extraordinary and compelling reasons warrant a reduction; (2) the reduction would be consistent with the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13;

and (3) the § 3553(a) factors support early release. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). The failure to satisfy any one of these conditions forecloses relief. *Id.*; 18 U.S.C. § 3582(c)(1)(A).

At the threshold, the District Court's order meets our standards for meaningful review. The Court incorporated its prior denials and the Government's detailed twenty-one-page response, which addressed Whisby's medical history, prison conduct, rehabilitation efforts, and the relevant § 3553(a) factors. That incorporation was permissible because it provides a reasoned basis for the decision and allows for appellate review. *See United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021) ("[A]n explanation need not necessarily be lengthy, it just must make clear that the court had a reasoned basis for choosing to reduce or to not reduce a defendant's sentence." (cleaned up) (citation and internal quotation marks omitted)).[1]

---

[1] This case is distinguishable from those we have remanded in which the district court merely referenced a prior order without addressing new arguments or evidence. *See United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021) ("The district court's reference to its prior orders provides this Court with no indication that the district court considered the new history and characteristics arguments raised by Stevens regarding his post-incarceration rehabilitation."); *United States v. Williams*, No. 22-13890, 2023 WL 3338632 (11th Cir. May 10, 2023) ("Here, the district court found that the reasoning from its September 2020 order remained applicable to Williams's October motion. But this provides us with little to review. . . The October 2022 order did not acknowledge that Williams provided more information."). Here, by contrast, the District

Nor did the District Court abuse its discretion in concluding that Whisby remained a danger to the community under § 3553(a). "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *Tinker*, 14 F.4th at 1241 (citation and internal quotation marks omitted). The Court permissibly relied on Whisby's serious and repeated criminal conduct to find that he posed a continuing risk.

Because the District Court found that the § 3553(a) factors foreclosed compassionate release, we need not reach Whisby's argument concerning the amended Guidelines or other changes in the law. *See Tinker*, 14 F.4th at 1237.

### III.

The District Court acted within its discretion in denying Whisby's motion because the Court permissibly concluded that the § 3553(a) factors weighed against early release. We affirm.

**AFFIRMED.**

---

Court expressly adopted the Government's response brief, which addressed Whisby's new arguments and evidence.